## INDEX TO EXHIBITS

A.    Docket Sheet, Circuit Court of Kanawha County

B.    Copy of Complaint

C.    Summons to Federal Home Loan Mortgage Corporation and Proof of Service

D.    Summons to ABN AMRO Mortgage Group, Inc. and Proof of Service

E.    Memorandum to Circuit Clerk for instituting Civil Action

F.    Affidavit of Indigency and Application for Eligibility for Waiver of Fees Costs or
      Security in a Civil Case

CASE  07-C-1586          KANAWHA

MARTHA JEANETTE KARNES          vs.  ABN-AMRO MORTGAGE GROUP, INC.,

LINE   DATE     ACTION

1  07/30/07   #  ISSUED SUM & 4 CPYS; PAUPER'S AFD; CASE INFO SHEET; COMPLAINT
2  08/14/07   #  LET FR SS DTD 8/10/07; SUM W/RET (8/2/07 SS) AS TO ABN
3             #  AMBRO MORTGAGE GROUP, INC.; SUM W/RMR
4             #  LET FR SS DTD 8/10/07; SUM W/RET (8/2/07 SS) AS TO FEDERAL
5  08/14/07   #  HOME LOAN MORTGAGE CORP. W/RMR

EXHIBIT
A

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MARTHA JEANETTE KARNES,

      Plaintiff,

v.
                              CIVIL ACTION NO. _07 · C · 1586_

ABN-AMRO MORTGAGE GROUP, INC.,
and FEDERAL HOME LOAN MORTGAGE
CORPORATION,

      Defendant.

## COMPLAINT

### INTRODUCTION

This case arises out of loan servicer abuse. The Defendant, Netherlands-based ABN-AMRO

Mortgage Group, Inc.[1] ("ABN-AMRO") is an abusive loan servicer that regularly refuses payments

made by borrowers on their home mortgages in an attempt to pursue foreclosure on the borrowers'

homes. In this case, ABN-AMRO refused the Plaintiff's mortgage payments, despite the fact that the

payments would bring the account current. ABN-AMRO then repeatedly referred the Plaintiff to

foreclosure, notwithstanding the fact that their foreclosure attorney has advised ABN-AMRO that the

account was current.

### PARTIES

1.     The Plaintiff, Martha Jeanette Karnes, is a West Virginia citizen. She entered into a

consumer loan with Defendant ABN AMRO Mortgage Group in or around June of 2004.

2.     (a)     The Defendant, ABN-AMRO Mortgage Group, Inc. ("ABN-AMRO"), is a

Michigan corporation licensed to do business in West Virginia. Its parent is Netherlands bank ABN-

---

[1] The name ABN-AMRO is a product of the 1991 merger of two banks from the Netherlands,
the Algemene Bank Nederland (ABN) and Amsterdam-Rotterdam Bank (AMRO).



AMRO Bank, NV. Its corporate headquarters is located at 2600 West Big Beaver Road, Troy, Michigan, 48084. At all times relevant to this action ABN-AMRO is servicer of the Plaintiffs' loan that is the subject of this action.

(b)     The Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a private company with a Congressional charter to make home mortgage loans. Its corporate headquarters at 820 Jones Branch Drive, McLean Virginia, 22102. Freddie Mac is liable for the acts or omissions of its servicing agent, the Defendant, ABN-AMRO.

## STATEMENT OF FACTS

3.     On or about June 30, 2004, the Plaintiff took out a loan with the defendant, ABN AMRO Mortgage Group, Inc..

4.     Due to changes in her employment situation she was unable to make payments in approximately July, 2005.

5.     (a)     The Defendants began a systematic campaign of calls and harassment to the Plaintiff.

(b)     In or around December of 2005, the Plaintiff began receiving foreclosure letters from the Defendant.

(c)     Under the threat of foreclosure, on or around January 17, 2006, the Plaintiff signed and sent the Defendants a forbearance agreement and a certified check in the amount of $3,100.

(d)     Included in the forbearance agreement were approximately $850 in attorney fees.

(e)     According to the forbearance agreement, the Plaintiff also agreed to make monthly payments of $849.95 for four consecutive months.

6.     (a)     From January 2006 -June of 2006, the Plaintiff made her one payment of $3,100 plus four additional monthly payments of $849.95.

-2-

(b)     All of these checks were accepted and cashed by the Defendant.

7.      (a)     On June 30, 2006, the Plaintiff received a letter from the Defendant stating that she was in violation of her forbearance agreement and owed them $1,525.33 in back payments.

(b)     The Plaintiff repeatedly contacted the Defendant in an effort to get the matter resolved but none of her calls were returned.

8.      In or around early July, the Plaintiff sent in another monthly payment in her original payment amount of $621.64.

9.      (a)     In or around July of 2006, the Plaintiff received a check from the Defendant in the amount of $849.95.  This was said to be an excess amount in her escrow account.

(b)     In July, the Plaintiff also received a check for $621.64 which represented the amount of the monthly payment she had made that month.

10.     (a)     In or around early August, the Plaintiff sent the Defendant another monthly payment of $621.64.

(b)     Also in August, the Plaintiff got a check from the Defendant in the amount of $621.64 which represented the amount of the monthly payment she had made that month.

11.     (a)     In or around August of 2006, the Plaintiff again started to receive foreclosure letters.

(b)     The Plaintiff repeatedly called the Defendant to try to resolve the issues there were with her account.

(c)     Plaintiff even sought counsel who repeatedly communicated with the foreclosure offices of Golden and Amos.

(d)     Because of the communications with Golden and Amos and the fact that she had sent in proof of all her payments made, the Plaintiff believed the foreclosure sale was put off.

12. (a) Because the Plaintiff was waiting for the Defendant to get the issues on her account resolved, and because they kept sending her payments back, the Plaintiff did not send in monthly payments for September or October.

(b) On October 31, 2006, the Plaintiff then got a letter saying she had five days to vacate her property because her property had been sold at a foreclosure sale on September 13, 2006.

13. The Plaintiff received a letter dated June 25, 2007, demanding further payment and threatening to foreclose on the Plaintiff's property, despite the fact that the home had already been sold and she had already been asked to vacate the premises.

## COUNT I – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

14. The Plaintiff incorporates the previous paragraphs by reference.

15. The Defendant ABN-AMRO breached its duty of good faith and fair dealing implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

16. The Defendant ABN-AMRO as a matter of intentional and planned business practices, breached its duty by:

(a) adding charges to the Plaintiff's account, returning payments, and moving to foreclose on the Plaintiff's home;

(b) charging amounts not authorized by the contract or law and conditioning reinstatement on false amounts due;

(c) illegally accelerating the note; and

(d) pursuing foreclosure in lieu of other legal remedies.

17. The Plaintiff was damaged by the Defendant's breach of its duty of good faith and fair dealing.

-4-

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment in her favor and against the Defendants as follows:

(a)     The Court enter declaratory judgment that practices are illegal as alleged, and enjoin the Defendants from any further attempt to enforce all or part of the contracts or assert liability thereunder;

(b)     The Court Order that the foreclosure sale be vacated, and the property be deeded back to the Plaintiff;

(c)     Enjoining the illegal practices as alleged;

(d)     Actual damages;

(e)     Reasonable attorneys fees and the cost of this litigation;

(f)     Such other relief as the Court may deem equitable and just.

## COUNT II – ILLEGAL DEBT COLLECTION

18.     The Plaintiff incorporates the previous paragraphs by reference.

19.     The Defendant ABN-AMRO returned payments rather than credit them upon receipt against payments due, in violation of West Virginia Code section, 46A-2-115.

20.     The Defendant attempted to collect charges not authorized by the parties' agreement or law, in violation of *West Virginia Code* section 46A-2-115.

21.     The Defendant ABN-AMRO employed unfair and unconscionable collection tactics and misrepresented the amount of a claim in violation of *West Virginia Code* sections 46A-2-127(d), -128.

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment in their favor and against the Defendant as follows:

(a)     The Court enter a declaratory judgment that Defendant is engaging in false and misleading and unconscionable debt collection as alleged and enjoin the illegal conduct;

(b)     The Court Order the foreclosure sale vacated, and that the property be deeded back to the Plaintiff;

(c)     Actual damages and civil penalties of $4,000 for each violation pursuant to *West Virginia Code* sections 46A-5-101(1) & 106;

(d)     Reasonable attorney fees and the cost of this litigation; and

(d)     Such other relief as the Court may deem reasonable and just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

MARTHA JEANETTE KARNES,
**By Counsel.**

Bren J. Pomponio (State Bar No. 7774)
Daniel F. Hedges (State Bar No. 1660)
Mountain State Justice, Inc.
922 Quarrier Street, Suite 525
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
**COUNSEL FOR PLAINTIFF**

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MARTHA JEANETTE KARNES,

      Plaintiff,

v.

CIVIL ACTION NO. 07·C·1586

ABN-AMRO MORTGAGE GROUP, INC.,
and FEDERAL HOME LOAN MORTGAGE
CORPORATION,

      Defendant.

SERVE:

Federal Home Loan Mortgage Corporation
820 Jones Branch Drive
McLean, VA   22102

## SUMMONS

To:  The Above-Named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Clerk of Court

Date: 7/30/07

EXHIBIT
C



**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



FILED

2007 AUG 14 PM 4: 49

CATHY GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

August 10, 2007

Civil Action: 07-C-1586

I am enclosing:

| | |
|---|---|
| _____ summons | __1__ original |
| _____ notice | _____ affidavit |
| _____ order | _____ answer |
| _____ petition | _____ cross-claim |
| _____ motion | _____ counterclaim |
| _____ interrogatories | _____ request |
| _____ suggestions | __1__ certified return receipt |
| _____ subpoena duces tecum | _____ request for production |
| _____ summons and complaint | _____ request for admissions |
| _____ summons returned from post office | _____ no return from post office |
| _____ summons and amended complaint | _____ notice of mechanic's lien |
| _____ 3rd party summons and complaint | _____ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of Federal Home Loan Mortgage Corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| 7160 3901 9849 8675 2140 | A. Received by (Please Print Clearly) |

| | B. Date of Delivery |
| C. Signature | |
| X | ☐ Agent ☐ Addressee |
| D. Is delivery address different from item 1? | ☐ Yes ☐ No |
| If YES, enter delivery address below: | |

**3. Service Type** CERTIFIED MAIL

**4. Restricted Delivery? (Extra Fee)** ☐ Yes

1. Article Addressed to:

07-C-1586

Federal Home Loan Mortgage

Corporation

820 Jones Branch Drive

McLean, VA  22102

PS Form 3811, January 2005        Domestic Return Receipt

## UNITED STATES POSTAL SERVICE

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

First Class Mail
US Postage Paid
Permit No. G - 10

SECRETARY OF STATE
PROCESS SECTION
BUILDING 1 ROOM 157K
1900 KANAWHA BLVD E
CHARLESTON WV 25305-0777

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MARTHA JEANETTE KARNES,

       Plaintiff,

v.                                  CIVIL ACTION NO. _07.C. 1586_

ABN-AMRO MORTGAGE GROUP, INC.,
and FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Defendant.

SERVE:

ABN-AMRO Mortgage Group, Inc.
2600 West Big Beaver Road
Troy, Michigan,  48084

### SUMMONS

To:  The Above-Named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon **Bren J. Pomponio/Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                            _Cathy N Cator_
                                          Clerk of Court

Date: _7|30|07_

**EXHIBIT**
**D**



**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



FILED

2007 AUG 14  PM 4: 49

GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

**Betty Ireland**
**Secretary of State**

# LEGAL NOTICE

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

August 10, 2007

Civil Action: 07-C-1586

I am enclosing:

| | | | |
|---|---|---|---|
| _____ | summons | ___1___ | original |
| _____ | notice | _____ | affidavit |
| ___ | order | _____ | answer |
| _____ | petition | _____ | cross-claim |
| _____ | motion | _____ | counterclaim |
| _____ | interrogatories | _____ | request |
| _____ | suggestions | ___1___ | certified return receipt |
| _____ | subpoena duces tecum | _____ | request for production |
| _____ | summons and complaint | _____ | request for admissions |
| _____ | summons returned from post office | _____ | no return from post office |
| _____ | summons and amended complaint | _____ | notice of mechanic's lien |
| _____ | 3rd party summons and complaint | _____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of ABN Amro Mortgage Group, Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

2. Article Number

**7160 3901 9849 8675 2133**

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

07-C-1586
ABN Amro Mortgage Group, Inc.
C. T. Corporation System
P.O. Box 951
Charleston, WV  25323

PS Form 3811, January 2005          Domestic Return Receipt

**UNITED STATES POSTAL SERVICE**

| First Class Mail |
| US Postage Paid |
| Permit No. G - 10 |

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

|ılılılılıılllıllıılılılıılıılıılıllıllıılıılıll
SECRETARY OF STATE
PROCESS SECTION
BUILDING 1 ROOM 157K
1900 KANAWHA BLVD E
CHARLESTON WV  25305-0777

FILED

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

2007 JUL 30   PM 2: 5 1

To the Clerk of the Circuit
Court of Kanawha County, West Virginia

KANAWHA CO. CIRCUIT COURT

MARTHA JEANETTE KARNES,

     Plaintiff,

v.

    CIVIL ACTION NO. 07 · C · 1586

ABN-AMRO MORTGAGE GROUP, INC.,
and FEDERAL HOME LOAN MORTGAGE
CORPORATION,

     Defendant.

| | Days to Answer | Type of Service |
|---|---|---|
| ABN-AMRO Mortgage Group, Inc. | 30 | Secretary of State |
| Federal Home Loan Mortgage Corporation | 30 | Secretary of State |

Please issue summons in the above-styled action as indicated.

Original and  2  copies of Complaint furnished herewith.

Bren J. Pomponio (WV Bar ID No. 7774)
Daniel F. Hedges (WV Bar ID No. 1660)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
304/344-3144
304/344-3145 (fax)
**COUNSEL FOR PLAINTIFF**

PYMT Type
Rcpt #  paupers      $145___ $135___
Iss. Sum.+ 4  cc      ___No Sum. Iss
__Ret. to Atty.      ___$10cm X __
__Mailed CM/RM      ___$5 clk X __
__Mailed to sos w/ck#
   Sent to      w/ck#

EXHIBIT

| PLAINTIFF: Martha Jeanette Karnes | CASE NUMBER: |
|---|---|
| DEFENDANTS: ABN-AMRO Mortgage Group, Inc., et al. | |

II.   TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| /_/ Asbestos | /_/ Adoption | /_/ Appeal from Magistrate Court |
| /_/ Professional Malpractice | /X/ Contract | /_/ Petition for Modification of Magistrate Sentence |
| /_/ Personal Injury | /_/ Real Property | /_/ Miscellaneous Civil |
| /_/ Product Liability | /_/ Mental Health | /_/ Other |
| /_/ Other Tort | /_/ Appeal of Administrative Agency | |

III.   JURY DEMAND:      /X/  Yes          /_/  No

         CASE WILL BE READY FOR TRIAL BY __7/2008__


IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
       ACCOMMODATIONS DUE TO A DISABILITY OR AGE?      /_/ YES     /X/ NO
       IF YES, PLEASE SPECIFY:

       /_/   Wheelchair accessible hearing room and other facilities
       /_/   Interpreter or other auxiliary aid for the hearing impaired
       /_/   Reader or other auxiliary aid for the visually impaired
       /_/   Spokesperson or other auxiliary aid for the speech impaired
       /_/   Other: _____


Attorney Name:     Bren J. Pomponio          Representing:

Firm:     Mountain State Justice, Inc.        /X/ Plaintiff      /_/ Defendant

Address:     1031 Quarrier Street             /_/ Cross-Complainant    /_/ Cross-Defendant
             Suite 200
             Charleston, WV  25301

Telephone:  304/344-3144                      Dated: July 30, 2007

                                              _____
                                              Signature

/_/ Pro Se

IN THE _Circuit_ COURT OF _Kanawha_ COUNTY, WEST VIRGINIA

_Martha Jeanette Karnes_ v. _ABN-AMRO, et al._    CASE NO. _07-C-1586_
Plaintiff                     Defendant

## AFFIDAVIT OF INDIGENCY AND APPLICATION
## ELIGIBILITY FOR WAIVER OF FEES, COSTS, OR SECURITY IN A CIVIL CASE

### A. Information for the Applicant:

1. You will be allowed to file and carry on your civil proceeding without giving security or paying fees or costs that would otherwise be required, if the court finds that you meed the official financial guidelines.

2. You must file a separate affidavit and application anytime your financial situation no longer meets the official guidelines or anytime the court orders you to do so.

3. At any time you may request or the court may require review of your eligibility for a waiver; and at any time the court may require you to pay fees or costs previously waived or to pay future fees or costs.

4. When you sign this form, you will have to swear or affirm that you have completely and truthfully provided all information sought, to the best of your knowledge and ability. _If you knowingly give any incomplete and/or false information, you may be prosecuted for the crime of false swearing._

5. The information you give in this form will be confidential only in a domestic violence or a divorce case.

6. Except for signatures, all information must be clearly printed.

### B. Information about You and Your Case:

1a. Name: _Martha Jeanette Karnes_    b. Telephone Number: _(304) 548-5703_

c. Address: _4770 Bomont Rd., Glen, WV 25088_

2. Describe what is involved in your case: _predatory lending_

EXHIBIT _F_    (continued)

SCA-C&M 201/9-93

3a.  Do you have a lawyer? _____Yes_____

 b.  Have you paid or will you have to pay your lawyer? _no_

 c.  Will you have to pay your lawyer only if you win? _no_

## C.  Information about Your Financial Situation:

1.  What is your current yearly household net (take-home) income from all sources
(salary or wages, business(es), government payments, rents, pensions, interest, etc.): $  | 13,920 |

2a.  List the names and relationships to you of all the persons supported by this income, whether or not they
are household members:  _Erica Karnes (daughter - 100%)_

 b.  What is the total number of these persons?  | 2 |

3.   How much money do you and your household members have in cash,
checking and savings accounts, deposit certificates, an/or bonds (liquid assets)? $  | 0 |

4a.  List your regular monthly household dept-payment and other expenses (mortgage, car, and other debt
payments; food, rent, utilities, medical transportation, child-care, and other expenses): _____

 _See 3 less than $500_

 b.  What is the total amount of these monthly expenses? $  | _____ |

5a.  List all cars, trucks, motorcycles, or recreational vehicles (all-terrain vehicles, motor homes,
snowmobiles, boats), including their make, model, and year, that you and your household members own
(collateral assets readily convertible to cash): _____

 _'96 Ford Ranger_

 b.  What is the total value of these items?  | 1,000 |
$

6a.  List all real estate (houses, lots, land, rental property, other commercial property) that you or your
household member own: _____

 _Still making payments (owes approx. $55,000)_

 b.  What is the total value of these items? $ _60,000_

7.  What would the consequences be for you if a waiver of fees, costs, or security is denied? _____

_____ Unable to pursue case _____

_____

_____

By signing my name on this form, I swear to or affirm: (1) the completeness and truthfulness, to the best of my ability and knowledge, of the information I have provided and (2) my belief that I have a right to a waiver.

Signature of Affiant-Applicant:  X _____

Taken, subscribed, and sworn to affirmed before me, by the person whose signature appears above, on this
_19th_ day of _July, 2007_ _____, in _Kanawha_ _____ County, West Virginia.

Signature of Notary (Clerk or Deputy Clerk): _____

```
OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
KIM R. COOPER
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
My Commission Expires Sept. 18, 2015
```

### For Court Use Only

The affiant's application for a waiver is (clerk: initial one) _____ (granted) _____ denied.

Date: _7/30/07_ _____ Signature of Clerk or Deputy: _____

FINANCIAL GUIDELINES
FOR DETERMINING ELIGIBILITY FOR WAIVER
OF FEES, COSTS, OR SECURITY IN CIVIL CASES IN THE
WEST VIRGINIA COURTS
FROM JANUARY 1, 1995, until Directed Otherwise by
Administrative Order of the Chief Justice

(W. Va. Code § 59-2-1, Circuit Court Civil Rule 77(e), and Magistrate Court Civil Rule 22)

In making determinations of eligibility for waiver of fees, costs, or security, authorized court personnel shall be mindful of citizens' right of access to the court and right to the benefit of court services.

A.   Initial Determination of Eligibility for Waiver by Clerk or Deputy Clerk

If the amount of Line C1 of the affidavit is less than the amount shown in the income chart below for the number of dependents listed in Line C2b of the affidavit AND the amount in Line C3 minus $500 is less than the amount in Line C4b of the affidavit, THEN the application for waiver should be granted UNLESS the amount in Line C5b of the affidavit is more than the income chart amount.

B.   Review of Eligibility for Waiver by the Court

The court may take into account all information provided in the affidavit, any evidence submitted in the action, and the income chart below, and may require the party alleging eligibility for waiver to provide additional information, beyond the affidavit, satisfactory to the court.

C.   Income Chart (August 1994)*

| NUMBER OF PEOPLE DEPENDENT ON HOUSEHOLD INCOME | YEARLY NET INCOME |
|---|---|
| 1 | $ 11,000 |
| 2 | 15,000 |
| 3 | 19,000 |
| 4 | 23,000 |
| 5 | 27,000 |
| 6 | 31,000 |
| 7 | 35,000 |
| 8 | 39,000 |
| 9 | 43,000 |
| 10 | 47,000 |

*    Based on Poverty Income Guidelines for the U.S. Department of Health and Human Services.  42 U.S.C. § 9902(2).  59 Fed. Reg. 28 (1994).